612 A.2d 509

## In re ESTATE OF Abigail E. WAINWRIGHT, Deceased.

### Appeal of Gail Wainwright TSECKARES.

Superior Court of Pennsylvania.

Argued Jan. 14, 1992.

Filed July 15, 1992.

Reargument Denied Sept. 25, 1992.

Foster S. Goldman, Jr., Pittsburgh, for appellant.

Robert M. Entwisle, Pittsburgh, for Children of Marcus Wainwright, participating party.

Before CAVANAUGH, WIEAND and HESTER, JJ.

WIEAND, Judge.

In this appeal, we are asked to review the trial court's interpretation of the holographic will of Abigail E. Wainwright. Although our assignment is not without difficulty, our careful review of the provisions of the will persuades us that the testatrix intended final distribution of assets precisely in accord with the plan stated in her will and not equally among her surviving heirs per capita. Therefore, we are constrained to reverse the trial court's equal distribution.

Abigail Wainwright died June 24, 1941, leaving a holographic will dated October 1, 1934. The will was duly admitted to probate, as was a holographic codicil dated September 7, 1937.[1] The pertinent provisions of the will are as follows:

2nd  After my debts have been paid and my requests attended to I place my stocks and bonds in a trust fund and the interest to be paid quarterly to the following heirs.

3rd  First to my brother Samuel Jacob Wainwright Jr. I give one quarter of said interest as long as long [sic] as he lives.  Afterward said interest to be divided equally between his four children, Esther Wainwright Neeb, Leroy Wainwright, Grant Wainwright and Marcus Wainwright.

4th  The other three quarters is to be divided in six parts.

5th  First to Esther Wainwright Neeb I give and bequeath two parts of said interest to be paid quarterly.

---

1. The codicil has no effect on the provisions of the will under scrutiny in this appeal.

6th   To Leroy Wainwright I give and bequeath one part of said interest to be divided quarterly.

7th   To Grant Wainwright I give and bequeath two parts of said interest to be divided quarterly.

8th   To Marcus H. Wainwright I give and bequeath one part of said interest to be divided quarterly.

9th   If Esther W. Neeb dies without issue her shares are to go to Esther Gail Wainwright daughter of Grant Wainwright if living if not to be placed in trust fund and to be divided equally with the others.

10th   At the death of the parent, the children are to inherit their part.  If without issue into the trust fund and divided between the others.

Samuel Jacob Wainwright predeceased his sister, the testatrix, on July 3, 1940.  In accordance with paragraph three of the will, his one-quarter share remained in the trust, and income thereafter was distributed 5/16 to Grant, 5/16 to Esther Wainwright Neeb, 3/16 to Leroy and 3/16 to Marcus. Grant Wainwright died on February 6, 1959, and his share of the principal was distributed to his surviving daughter, Esther Gail.[2]  Marcus Wainwright died on May 22, 1973, and his proportionate part of the trust principal was distributed to his three surviving children, Marcus, Elizabeth and Susan, pursuant to paragraph ten of the will.  Esther Wainwright Neeb died without issue on March 18, 1977, and her share of the principal was paid to Esther Gail in accordance with paragraph nine of the will.  The last first tier beneficiary, Leroy Wainwright, died without issue on August 27, 1989.

■  Paragraph ten of the will directs that if Leroy dies without issue, his interest shall go back into the trust fund and be "divided [among] the others."  The term, "the others" must not be read in isolation but in the context in which it appears. *Estate of McKenna*, 340 Pa.Super. 105, 110, 489 A.2d 862, 865 (1985).  When this is done, it be-

2.  Thereafter, an attempt by Leroy, Marcus and Esther Wainwright Neeb to obtain a distribution of the principal of the trust set up for their father, Samuel Jacob, was unsuccessful.

comes apparent that the testatrix intended the trust fund to be distributed among the members of the second tier beneficiaries, to wit, Esther Gail, Marcus, Elizabeth and Susan. Thus far the parties are in agreement. The more difficult issue is in what proportions the remaining trust principal shall be distributed among them. The trial court added the word "equally" to the testatrix's will and ordered a one-fourth share of principal distributed to each member of the second tier. Esther Gail contends that this was error. She argues that the trial court erred when it rewrote the will by adding the word "equally" and ignored the instruction that Leroy's share should go back "into the trust fund" and be distributed in accordance with the provisions of the will. We are constrained to agree.

■ In order to ascertain testamentary intent, a court must focus first and foremost on the precise wording of the will. "[C]anons of construction will be resorted to only if the language of the will is ambiguous or conflicting or the testator's intent is for any reason uncertain." *Carter Estate,* 435 Pa. 492, 497, 257 A.2d 843, 845 (1969).

■ If Leroy Wainwright had not been the last to die, the result would have been clear. His part of the trust fund, since he died without issue, would have remained in the trust fund; and eventually the principal thereof would have been distributed among the second tier of beneficiaries according to the scheme of distribution established by the testatrix. Should the result be different because Leroy was the last to die?

The trial court concluded, perhaps because it appeared more equitable, that paragraph ten could not be applied literally when the last of the first tier beneficiaries died without issue. In support thereof the court reasoned that the trust ceased to exist after Leroy died; and, therefore, paragraph ten could not be applied strictly. Further, the court reasoned, the testatrix, having prepared her own will and being unaware of the actual circumstances which would

transpire, could not have intended anything other than an "equal," per capita distribution.

This interpretation, of course, is contrary to the express language of the will. It is also contrary to the rule of construction appearing at 20 Pa.C.S. § 2514(5), which, when interpreting a phrase such as "the others," prefers a per stirpes distribution. Moreover, the trust did not terminate until all income and principal had been distributed.

The tenth paragraph of the will does not direct that the interest of any first tier beneficiary, including the last to die, be distributed equally per capita among all second tier beneficiaries. On the contrary, the will unequivocally directs that the interest of a first tier beneficiary who dies without issue shall go back into the trust fund. Thereafter, it shall be divided among "the others." The phrase "the others" can only mean those first and second tier beneficiaries who have been named by the testatrix. If, as we have observed, Leroy had been the first to die and had died without issue, the principal of his interest would not have been distributable upon his death but would have remained in the trust fund for the benefit of Marcus, Grant, and Esther Wainwright Neeb. If Grant or Marcus died next, the principal of his interest would have become distributable to his child or children; and if Esther Wainwright Neeb died, the principal of her interest in the trust fund would have become distributable to Esther Gail Wainwright. So, too, when the last of the first tier beneficiaries died, his or her share was to remain in the trust for distribution as set forth in paragraphs four to nine of the will.

Appellant has cited us to *Vandergrift Estate*, 406 Pa. 14, 177 A.2d 432 (1962), and appellees cite us to *Campbell Estate*, 395 Pa. 395, 150 A.2d 333 (1959). However, neither decision is on all fours or, indeed, very helpful in interpreting the instant will. We are left, therefore, with the language of the will which directs that Leroy's share shall go into the trust fund and be divided among the others. When the language of paragraph ten is read in conjunction with the testamentary scheme established by the testatrix,

the intent of the testatrix becomes clear. Leroy's portion of the trust fund was distributable among the second tier beneficiaries in proportions consistent with the terms of the testatrix's will. Under this interpretation, one share was distributable to the children of Marcus Wainwright and four shares were distributable to Esther Gail Wainwright.

Reversed and remanded for the entry of a decree consistent with the foregoing opinion. Jurisdiction is not retained.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting.

I respectfully dissent. What is at issue here is a holographic will written by a non-lawyer over a half century ago. After carefully reviewing the matter, I feel constrained to agree with the disposition and reasoning of the trial court as ably explained by the Honorable Robert A. Kelly in his opinions of January 7, 1991 and June 6, 1991.

Accordingly, I would affirm the order of the trial court.